# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST GALLEGOS, | CASE NO. 1:07-cv-00257-AWI-SMS-PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| v. | |
| NORTH KERN STATE PRISON, et al., | (Doc. 14) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff Ernest Gallegos ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 16, 2007. On November 5, 2008, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of Plaintiff's willingness to proceed only on claims found to be cognizable. Plaintiff opted to amend. Currently before the Court is Plaintiff's first amended complaint ("the complaint") filed December 1, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

///

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Complaint**

The document received by the Court on December 1, 2008, appears to be missing part or all of Plaintiff's complaint. The entire document consists of six pages. Pages one and two of the complaint are a complaint cover sheet and exhibit cover sheet, respectively. Pages three, four, and five of the complaint are documentary exhibits. The sixth and final page of the complaint is a proof of service. The proof of service submitted by Plaintiff indicates that Plaintiff placed a three-page complaint and three pages of exhibits into a sealed envelope and mailed the envelope to the Court. Unfortunately, the Court did not receive the three page complaint referenced in Plaintiff's proof of service. As an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), the Court may not look beyond the document submitted by Plaintiff on December 1, 2008. Accordingly, Plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff will be given leave to file another amended complaint.

**III.    Conclusion and Order**

The document received by the Court on December 1, 2008 appears to be incomplete and fails to state any claims for relief. The Court will provide Plaintiff with the opportunity to file an amended

complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth, 114 F.3d at 1474; King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:    January 29, 2009                    /s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE