**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERNEST GALLEGOS,<br><br>            Plaintiff,<br><br>     vs.<br><br>NORTH KERN COUNTY STATE PRISON, et al.,<br><br>            Defendants.<br>_____/ | 1:07-cv-00257-AWI-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANTS SINGLETON AND BICKNELL ON PLAINTIFF'S EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS, AND ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

Plaintiff Ernest Gallegos ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The case now proceeds on the second amended complaint filed by Plaintiff on March 6, 2009. (Doc. 18.) The second amended complaint names the Warden of North Kern State Prison ("NKSP"), MTA R. Palomino, Sergeant G. Becerra, Correctional Officer ("C/O") R. Singleton, C/O S. Pryor, and C/O A. Bicknell as defendants, and alleges claims of excessive force in violation of the Eighth Amendment, harassment, and supervisory liability.

The Court screened Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A and found that it states cognizable claims for relief under section 1983 against defendants Singleton and Bicknell only, for excessive force in violation of the Eighth Amendment. On December 22, 2009, Plaintiff was given leave to either file a third amended complaint, or in the alternative, to notify the Court that he does not wish to file a third amended complaint and instead wishes to proceed only on the

claims identified by the Court as viable/cognizable in the Court's order. (Doc. 19.) On January 8, 2010, Plaintiff filed written notice to the Court that he is willing to proceed only on the claims found cognizable by the Court. (Doc. 20.)

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed only against C/O R. Singleton and C/O A. Bicknell, for excessive force in violation of the Eighth Amendment;

2. All remaining claims and defendants be dismissed from this action;

3. Defendants MTA A. Palomino, Sergeant G. Becerra, C/O S. Pryor, and the Warden of NKSP be dismissed from this action based on Plaintiff's failure to state any claims under § 1983 upon which relief may be granted against them; and

4. Plaintiff's claims for harassment and supervisory liability be dismissed for failure to state a claim upon which relief may be granted under section 1983; and

5. The Clerk be directed to reflect the dismissal of defendants Palomino, Becerra, Pryor, and the Warden of NKSP on the Court's docket.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 11, 2010**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE