IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST GALLEGOS, | 1:07-cv-00257-AWI-SMS-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | (Doc. 21.) |
| NORTH KERN COUNTY STATE PRISON, et al., | ORDER FOR THIS ACTION TO PROCEED ONLY AGAINST DEFENDANTS SINGLETON AND BICKNELL ON PLAINTIFF'S EIGHTH AMENDMENT EXCESSIVE FORCE CLAIMS, AND DISMISSING ALL REMAINING CLAIMS AND DEFENDANTS |
| Defendants. | |

Ernest Gallegos ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On January 12, 2010, findings and recommendations were entered, recommending that this action proceed only against defendants Singleton and Bicknell on plaintiff's Eighth Amendment excessive force claims, and that all remaining claims and defendants be dismissed. Plaintiff was provided an opportunity to file objections to the findings and recommendations within thirty days. To date, plaintiff has not filed objections or otherwise responded to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case. Having carefully reviewed the entire

1

file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on January 12, 2010, are adopted in full;

2. This action now proceeds only against defendants Singleton and Bicknell on plaintiff's Eighth Amendment excessive force claims;

3. All remaining claims and defendants are dismissed from this action;

4. Defendants MTA A. Palomino, Sergeant G. Becerra, C/O S. Pryor, and the Warden of NKSP are dismissed from this action based on plaintiff's failure to state any claims under § 1983 upon which relief may be granted against them; and

5. Plaintiff's claims for harassment and supervisory liability are dismissed based on plaintiff's failure to state a claim upon which relief may be granted under section 1983; and

6. The Clerk is directed to reflect the dismissal of defendants Palomino, Becerra, Pryor, and the Warden of NKSP on the court's docket.

IT IS SO ORDERED.

Dated:   April 6, 2010              /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE