# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST GALLEGOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NORTH KERN COUNTY<br>STATE PRISON, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00257-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE<br><br>(Doc. 32)<br><br>OBJECTIONS DUE WITHIN TEN DAYS |

　　Plaintiff Ernest Gallegos, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 16, 2007, and Defendants Bicknell and Singleton filed a motion to dismiss on April 27, 2010. After Plaintiff failed to respond, the Court issued an order requiring Defendants to re-serve their motion to dismiss on Plaintiff at his new address of record, and requiring Plaintiff to file an opposition or a statement of non-opposition to Defendants' motion within thirty days from the date of re-service.[1] Defendants re-served their motion to dismiss on July 14, 2010. More than thirty days have passed and Plaintiff has not filed a response to the motion.

　　Plaintiff was warned that the failure to file a response to Defendants' motion would result in dismissal of the action, with prejudice, for failure to prosecute. Although the order was returned

---

[1] Plaintiff was released from custody on April 15, 2010, and filed a notice of change of address on May 27, 2010.

1 by the postal service as undeliverable, service was fully effective because Plaintiff has not notified
2 the Court of any change in his address. Local Rule 182(f).

3 The Court has the inherent power to control its docket and may, in the exercise of that power,
4 impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles
5 County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure
6 to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious
7 resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
8 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability
9 of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d
10 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court
11 in deciding what to do, and are not conditions that must be met in order for a court to take action.
12 Id. (citation omitted).

13 Based on Plaintiff's failure to comply to with or otherwise respond to the Court's order and
14 Plaintiff's failure to keep the Court informed of his current address, the Court is left with no
15 alternative but to dismiss the action for failure to prosecute. Id. This action, which has been pending
16 since 2007, can proceed no further without Plaintiff's cooperation and compliance with court orders,
17 and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. Accordingly, the
18 Court HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to
19 prosecute. In re PPA, 460 F.3d at 1226; Local Rule 110.

20 These Findings and Recommendations will be submitted to the United States District Judge
21 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **ten (10) days**
22 after being served with these Findings and Recommendations, the parties may file written objections
23 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
24 Recommendations." The parties are advised that failure to file objections within the specified time
25 ///
26 ///
27 ///
28 ///

1 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 26, 2010**                         /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE